UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

    v.                                    CAUSE NO.: 3:19-CV-970-JD-MGG

JEFF, et al.,

    Defendants.

## OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint alleging that he was denied proper medical care for his hand while confined at the St. Joseph County Jail awaiting trial. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harris alleges that, sometime last summer, he was arrested and transported to the St. Joseph County Jail. Upon intake, he was evaluated by CRN Jeff[1] to determine if

---

[1] It is unclear whether Jeff is a Certified Radiology Nurse (CRN) or whether the designation by Harris was intended to be to a Registered Nurse (RN). Either way, Harris refers to him as CRN Jeff, so the court will follow suit.

he had any medical needs. Harris informed CRN Jeff that his right hand was "swollen 3x's the normal size," that he felt like he had an infection, that he was in pain, and that he couldn't move his fingers. ECF 1 at 2. CRN Jeff agreed that it looked "really bad," and he promised to have Harris seen by a physician immediately. *Id*. However, instead of being seen by a physician, Harris was sent to a regular pod where his hand "swelled to the size of a softball." *Id*. Although he repeatedly requested medical attention, he was ignored. At some point, LPN Kim treated Harris' hand in an attempt to relieve the pressure.

Harris was finally seen by a physician two weeks after arriving at the Jail. The physician immediately sent him to the Emergency Room of an outside hospital, where he was admitted. The surgeon at the hospital diagnosed him with a fractured hand and an infection that could have led to sepsis or amputation if not urgently treated. Harris had surgery that same day, and two pins were inserted into his hand to hold his knuckles in place. He remained in the hospital for two weeks to treat the infection. Harris alleges he was in constant pain and that he was not able to use his hand during that time. Harris has sued CRN Jeff and LPN Kim, both employees of Beacon Health Group, for monetary damages.

Because Harris is a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first,

if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). Giving Harris the favorable inferences to which he is entitled at this stage, he has stated a plausible claim for money damages against CRN Jeff.

As to LPN Kim, however, he has not stated a claim. The only time LPN Kim is referenced in the complaint is to say that she treated his hand to relieve the pressure. He alleges he had to repeatedly write the medical department in order to receive that treatment, but there is no indication that LPN Kim was aware of those requests yet ignored them or that she played any role in his medical needs subsequent to the treatment she provided. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As such, the claim against LPN Kim will be dismissed.

For these reasons, the court:

(1) GRANTS James Edward Harris, Jr., leave to proceed against CRN Jeff in his individual capacity for monetary damages for refusing to properly examine, treat, and/or triage his hand injury upon intake at the St. Joseph County Jail in the summer of 2018, until he was seen by a doctor two weeks later, in violation the Fourteenth Amendment;

(2) DISMISSES LPN Kim;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) CRN Jeff at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that CRN Jeff respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 9, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT