UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES EDWARD HARRIS, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-970-JD |
| JEFF, | |
| Defendant. | |

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, is proceeding in this case against "CRN Jeff in his individual capacity for monetary damages for refusing to properly examine, treat, and/or triage his hand injury upon intake at the St. Joseph County Jail in the summer of 2018, until he was seen by a doctor two weeks later, in violation of the Fourteenth Amendment . . .." ECF 7 at 4. CRN Jeff moved for summary judgment, arguing that Harris did not exhaust his administrative remedies before filing suit. ECF 16. Harris filed a response. ECF 20. CRN Jeff filed a reply. ECF 21. Harris filed a sur-reply and a "motion in response" to the summary judgment motion. ECF 22 and 23. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011).

Harris concedes that the jail had a grievance system, this event was grievable, and he did not file a grievance. ECF 1 at 4. Rather, Harris argues that the grievance process was unavailable to him because he was "incapable of filling out any grievances"

2

due to his hand injury. ECF 20 at 2. CRN Jeff responds that Harris demonstrated his ability to write in June 2018 by signing a "Medical Questions" form at the time of his booking. ECF 17 at 7. Harris argues "he could not legibly sign his name, let alone write out any sort of grievance." ECF 20 at 2. A copy of the "Medical Questions" form shows a barely legible signature. *See* ECF 17-2 at 3. That form does not demonstrate Harris could have written a grievance with his injured hand. Construing these facts in the light most favorable to Harris, the court accepts as an undisputed fact that he was unable to legibly write with his injured hand.

CRN Jeff also argues Harris could have used his "opposite hand" to fill out a grievance or "ask[ed] another inmate to write the grievance for him." ECF 17 at 7. However, CRN Jeff does not cite any legal authority to support his assertion that Harris was required to take these actions. Harris responds that he "could not force anyone to fill out [a grievance] for him." ECF 20 at 2. CRN Jeff has not provided any evidence showing that Harris could have forced someone to prepare a grievance for him, therefore the court accepts that as an undisputed fact.

Based on the foregoing, CRN Jeff has failed to meet his burden to show that Harris failed to exhaust his administrative remedies. *See King*, 781 F.3d at 893. Specifically, CRN Jeff has not shown that Harris was physically capable of writing out a grievance, or that the grievance process was otherwise available to Harris. *See Woodford*, 548 U.S. at 102; *Hurst*, 634 F.3d at 412; *Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) (holding that a grievance procedure was not available to a prisoner who was "unable to use his hands sufficiently to fill in the form" and was denied access to a communal

3

study table). CRN Jeff proposes several actions that Harris could have taken to exhaust his remedies despite his hand injury, but he provides no legal authority to support that Harris was required to take these actions. Thus, there is a genuine issue regarding whether Harris was physically able to exhaust his remedies. For these reasons, the court DENIES the summary judgment motion (ECF 16). The court DENIES AS MOOT CRN Jeff's motion to strike Harris's sur-reply (ECF 24).

SO ORDERED on March 15, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT