UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

    v.   CAUSE NO. 3:19-CV-970-MGG

JEFF,

    Defendant.

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, is proceeding in this case against "CRN Jeff in his individual capacity for monetary damages for refusing to properly examine, treat, and/or triage his hand injury upon intake at the St. Joseph County Jail in the summer of 2018, until he was seen by a doctor two weeks later, in violation of the Fourteenth Amendment . . .." ECF 7 at 4. CRN Jeff moved for summary judgment. ECF 64. Harris filed a response. ECF 68. CRN Jeff has not filed a reply, and the time for doing so has expired. The summary judgment motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

The parties provide evidence showing the following. CRN Jeff is employed as a nurse at St. Joseph County Jail ("SJCJ"). ECF 66-2 at 1. On June 2, 2018, Harris was booked into SJCJ. *Id.* CRN Jeff was present for Harris' intake and assisted in completing his Medical Questionnaire form. *Id.* Specifically, a guard asked Harris a series of questions and CRN Jeff circled the answer "Yes" or "No" based on Harris' response. *Id.*; ECF 66-1 at 89. Harris asserts he informed CRN Jeff of his hand injury during his intake and CRN Jeff responded that his hand "looks bad" and that he would put him on the MD list. ECF 68 at 5. However, CRN Jeff circled answers on the form indicating Harris did not require emergency medical care, had no visible signs of injury requiring immediate care, was not being treated for any health problem, and had no signs of any cuts, skin lesions, or infections. ECF 66-1 at 89. CRN Jeff provides no evidence he provided or referred Harris for any treatment during or after his intake, and attests he does not specifically recall what occurred at Harris' intake. ECF 66-2 at 1. However, CRN Jeff attests that, if he had noticed anything with regard to Harris' hand at intake, he would have noted the same on the Medical Questionnaire form. *Id.* Moreover, CRN Jeff attests that, if Harris had a significant injury to his hand at intake requiring medical attention, he would have placed him on the MD list to see a physician. *Id.* at 2.

On June 4, 2018, two days after Harris' intake, Harris went to the medical unit and requested treatment for his right hand. ECF 66-1 at 90. Harris informed the nursing staff he had broken his hand a week prior and could not move his last two fingers. *Id.* A

2

nurse noted swelling in Harris' hand and placed him on the MD list. *Id.* On June 5, 2018, nursing staff saw Harris and noted his right hand was swollen and had an open wound that was actively bleeding. *Id.* A nurse cleaned the wound, applied ointment and dressing, and confirmed Harris was on the MD list to see a physician. *Id.* On June 6, 2018, nursing staff drained blood and pus from Harris' wound, cleaned it, and applied Bacitracin and dressing. *Id.* at 90, 92. Harris stated during this visit he had injured his hand prior to his arrival at SJCJ by striking someone in the tooth, which had opened a wound that had become infected. *Id.* The nurse noted a physician had started Harris on Bactrim and Minocycline for ten days. *Id.* On June 7, 2018, nursing staff changed the dressing on Harris' hand and noted a large amount of bloody pus draining. *Id.* at 90-91. The area was cleaned and dressing was applied. *Id.* Later that day, a physician saw Harris and transferred him to the emergency room for evaluation, noting he might require surgical drainage. *Id.* at 91-92, 94. X-rays taken at the hospital revealed a fracture in Harris' finger, some early callus formation suggesting subacute injury, and soft tissue swelling. ECF 66-7 at 108. A physician performed an incision and drainage of the right hand, as well as open reduction and internal fixation of the fracture in Harris' finger. *Id.* at 16. On June 11, 2018, Harris was discharged with pain medication and antibiotics. ECF 66-7 at 7. Because Harris does not dispute the contents of his medical records, the court accepts them as undisputed.

CRN Jeff argues summary judgment should be granted in his favor because (1) Harris' hand injury does not rise to the level of a serious medical need within the meaning of the Eighth Amendment, and (2) he did not act with a culpable state of mind

3

within the meaning of the Eighth Amendment. ECF 65 at 7-11. However, Harris is proceeding under the Fourteenth Amendment, not the Eighth Amendment. *See* ECF 7. In order to establish a Fourteenth Amendment violation, Harris must provide evidence that (1) CRN Jeff acted purposefully, knowingly, or recklessly, and (2) CRN Jeff's conduct was objectively unreasonable. *See id.*; *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018). In his response, Harris argues he informed CRN Jeff of his hand injury during his intake and CRN Jeff responded that his hand "looks bad" and that he would put him on the MD list. ECF 68 at 5. However, CRN Jeff never put Harris on the MD List or provided him any treatment and Harris had to wait and request treatment from other nurses. *Id*. Construing these facts in the light most favorable to Harris, a reasonable jury could conclude CRN Jeff knew of Harris' hand injury and his failure to provide him any treatment was objectively unreasonable. CRN Jeff argues Harris may not have seen a physician any sooner even if he had placed him on the MD list immediately after his intake, but a reasonable jury could conclude it was unreasonable for CRN Jeff to make no effort to treat Harris after learning of his hand injury.

Thus, Harris has provided evidence by which a reasonable jury could conclude CRN Jeff violated his Fourteenth Amendment rights by depriving him of any medical care for his hand between June 2, 2018, and June 4, 2018, when he began receiving adequate medical care from the nursing staff. For these reasons, CRN Jeff's motion for summary judgment (ECF 64) is DENIED.

SO ORDERED on June 23, 2022

4

                                                                                        s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge